UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO COLLIER,<br><br>        Petitioner,<br><br>   v.<br><br>DANIEL PARAMO, Warden,<br><br>        Respondent. | Case No. 16-cv-05033 LHK (PR)<br><br>**ORDER RE-OPENING CASE; ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 15, 2017, petitioner requested a stay of his petition so that he could return to state court to exhaust new claims. On June 26, 2017, the court granted his request, stayed the petition, and administratively closed the case. Petitioner has now filed an amended petition. For the reasons that follow, the court re-opens the case, and orders respondent to show cause why the amended petition should not be granted.

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.    Petitioner's Claims

Petitioner claims that: (1) the trial court violated his right to due process and right to confrontation by denying petitioner's right to be present in court; (2) the trial court failed to hold a hearing on petitioner's requests for substitute counsel; (3) the trial court violated petitioner's right to a speedy trial; (4) trial counsel rendered ineffective assistance; (5) the prosecutor committed misconduct; and (6) cumulative errors resulted in prejudice. Liberally construed, petitioner has stated cognizable claims for relief. The court orders respondent to show cause why the amended petition should not be granted as to these claims.

Petitioner also raises a "*Daggett* error," in reference to *People v. Daggett*, 225 Cal. App. 3d 751 (1990). Am. Pet. at 10-11. This claim concerns an alleged violation of state law. Petitioner does not argue that the *Daggett* error violated his federal constitutional rights. The U.S. Supreme Court has repeatedly held that federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S.

216, 219 (2011). Accordingly, petitioner's *Daggett* error is DISMISSED without leave to amend.

## CONCLUSION

1.    The clerk shall RE-OPEN the case.

2.    The clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 16) upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.    Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

5.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must

Case No. 16-cv-05033 LHK (PR)
ORDER RE-OPENING CASE; ORDER TO SHOW CAUSE

3

comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: ___12/21/2017_____      ____*Lucy H. Koh*_____
                                                  LUCY H. KOH
                                                  UNITED STATES DISTRICT JUDGE